**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MELISSA CASEY,

    Plaintiff,

vs.                                              CASE NO. 3:12-cv-665-J-20TEM

WORLD FINANCIAL NETWORK
NATIONAL BANK,

    Defendant.
_____

**O R D E R**

This case is before the Court on the Plaintiff Melissa Casey's Motion to Compel Response to Interrogatories and Request for Production (Doc. #13, Motion to Compel), filed October 1, 2012. The time for response has expired; thus the motion is ripe for the Court's consideration. *See* M.D. Fla. Loc. R. 3.01(b).

This action was originally filed in state court on May 7, 2012 (*see* Doc. #1, Notice of Removal). The case was removed to federal court by Defendant on June 12, 2012. In this litigation, Plaintiff seeks damages for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.551 *et seq.* Plaintiff complains Defendant violated these statutes with approximately three hundred and sixteen calls made to Plaintiff's cellular telephone without permission and despite being requested to stop (*see* Doc. #3, Complaint).

Plaintiff avers Defendant either failed to respond or gave evasive and inadequate responses to Plaintiff's Interrogatories. Motion to Compel at 1-8. Plaintiff also asserts Defendant's "boilerplate" objections to twenty-nine of Plaintiff's Requests for Production are

insufficient to preclude production of the sought documents. Motion to Compel at 9-22. To date, no response to the instant motion has been filed.

Review of the case docket reveals the parties met and conferred under Fed. R. Civ. P. 26(f) on June 22, 2012 and August 6, 2012. A case management report was filed on September 11, 2012 (*see* Doc. #11). Discovery should be ongoing in this case. *See, e.g., Logsdon v. Duron, Inc.*, No. 3:05-cv-243-J-16HTS, 2005 WL 2122674 (M. D. Fla. Sept. 2, 2005) (questioning whether the restraints of conducting discovery prior to the case management conference apply in matters that have been removed from state court where the discovery requests were propounded prior to removal).

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.*

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch v. E.I. DuPont Nemours and Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996).

The Court has considered this matter and, accordingly, it is now

**ORDERED:**

1. As Defendant has failed to object to the disputed discovery requests, the Court will **grant the motion, in part**, as unopposed. Defendant shall provide complete, sworn answers to Plaintiff's interrogatories and shall produce all documents in its possession, custody or control that are responsive to the discovery requests for production that are the subject of this motion and are not protected by statute or privilege. Any objection as to privilege is preserved and subject to Defendant's proper submission of a detailed privilege log.

2. A review of the disputed items, however, reveals Plaintiff seeks responses and materials that are arguably worthy of protection under Rule 26(c). In order to facilitate the free flow of discovery in this case, the Court finds good cause to restrict the use of the sought discovery. Thus, **it is further ordered** that all discovery responses and materials provided under this Order shall remain confidential to the parties, the legal counsel of record and legal support staff in this case. The use of the information provided pursuant to this Order is **strictly limited** to the instant litigation. Failure to adhere to the terms of this Court imposed protective order may lead to the imposition of sanctions on the non-compliant party or individual.

3. Defendant's compliance is ordered **within ten (10) days** of the date of this Order.

4. Plaintiff's request for attorney fees and costs incurred in bringing the instant motion is well taken. The parties shall meet and agree on an appropriate sum representing

other fees and costs. If the parties are unable to agree, Plaintiff shall, **within fifteen (15) days** from the date of the Order, file a motion requesting fees and costs, together with a sworn affidavit verifying those amounts. Defendant shall respond to the affidavit **within fifteen (15) days** from its service. The Court will consider the parties' requests and arguments abandoned if the directives of this paragraph are not followed.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of October, 2012.

*/s/ Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
All counsel of record
*Pro Se* parties, if any